ROGERS, J.
 

 Plaintiff brought this suit to recover damages for an alleged breach of contract by defendant. There was judgment in the court below in favor of defendant, and plaintiff has appealed.
 

 The allegations of the petition are that defendant contracted in the month of October, 1919, to furnish all the bricks that would be required by plaintiff to construct a certain building for the Independent Ice & Cold Storage Company of Shreveport; that defendant breached the contract, and plaintiff was compelled to purchase the bricks elsewhere, resulting in the loss for which it seeks reimbursement in this suit.
 

 Defendant admitted' the execution of the contract and the failure of delivery, but tendered the following defenses in bar of plaintiff’s action, viz.:
 

 (1)That the contract was a conditional one, contingent upon inevitable accidents and fortuitous events, against which defendant did not stipulate. That it became impossible for it to furnish the 200,000 bricks referred to in the contract, which were to be delivered from the kiln in process of manufacture when the agreement was entered into, because of' an unprecedented freeze which occurred on November 12, 1919, resulting in a break in the gas main of the Southwestern Gas & Electric Company, and the cutting off of the gas supply at defendant’s plant for 10 hours that day, when the maximum degree of heat was required for the kiln, and the recurrence of that condition on November 14, 1919, when the gas supply was again cut off for 4 hours.
 

 (2) That the contract was abandoned by plaintiff on November 20, 1919, when it ordered from the Arkansas Brick & Tile Company, of Little Rock, Ark., all the bricks required for the construction of the building. That, while the purchase of bricks elsewhere was without defendant’s knowledge or consent,'except as to 300,000 thereof, it assented to and acquiesced therein upon receipt of information of the fact, all of which constituted a rescission of the contract in its-, entirety by mutual assent. That, by reason* of plaintiff’s conduct and its silence with, reference to the contract from November 20,. 1919, to February 26, 1920, it is estoppedl from asserting the continued existence thereof, and from recovering damages for its breach; estoppel being specially pleaded.
 

 (3) That defendant’s breach of the contract, if there was such, was passive, necessitating that it be put in default as a condition precedent to the recovery of damages. That plaintiff’s letter of February 26, 1920, was written in bad faith, not to demand a compliance with the contract by defendant, but to lay the basis for this suit.
 

 Defendant set up another ground of defense which it is unnecessary to consider in disposing of this ease.
 

 - We think the facts, as disclosed by the record, support the defense and justify the judgment rendered by the court below. The contract on its face shows that the deliveries of the brick were to be contingent" upon the-state of the weather. In that respect it. reads:
 

 « * * * will deliver to that job at $20.. pr. M commencing within four weeks from now, and deliver just as fast as the weather willl permit us, to make and burn.”
 

 The undisputed evidence is that the delivery of the first 200,000 bricks mentioned, in the contract was rendered impossible-because of the unusual weather conditions* existing on November 12 and 14, 1919, re
 
 *1099
 
 speetively, causing a Break in the gas main supplying fuel to defendant’s plant. Several experienced bricls manufacturers advised defendant that the withdrawal of heat from the kiln at that stage of the manufacturing process would result in bricks of an inferior quality, unsuitable for building purposes. Upon the receipt of this information, defendant immediately notified plaintiff of the facts, confirming it by letter on November 14, 1919, suggesting the purchase of 300,000 brides elsewhere, and stating that upon opening the kiln plaintiff could have 'all the bricks found to be up to standard. Later, however, when the kiln was opened', all of the bricks were found to be below standard and not fit for the purpose for which they were ordered by plaintiff.
 

 On November 20, 1919, without advising defendant relative to the subject matter of the contract, plaintiff ordered from the Arkansas Brick
 
 &
 
 Tile Company, of Little Rock, Ark., all the bricks, some 530,000, required for the building. Upon being informed of this action of plaintiff, defendant verified the fact, and thereafter treated the contract as abandoned by plaintiff, assenting and acquiescing in such abandonment and rescission. Defendant heard nothing further regarding the contract until February 26, 1920, when it received a letter from plaintiff, notifying defendant that it would be held for the loss suffered by plaintiff because of the nonfulfillment of the 'agreement. On February 26, 1920, the price of the bricks had materially advanced, and it was then manifestly to plaintiff’s advantage to sustain the contract if it was possible to do so.
 

 We think that plaintiff’s conduct and silence from November 12, 1919, to February 26, 1920, shows that it treated the contract as abandoned and rescinded. Defendant had not failed to make delivery except as to the 200.000 bricks which were in the kiln at the time the contract was made, and which, because of the weather conditions, came out below standard. In this respect the contract was not breached. Plaintiff, on the other hand, indicated its intention to abandon the agreement when it ordered the additional 330.000 bricks from the Arkansas Brick '& Tile Company. Plaintiff’s conduct was inconsistent with the continued existence of the contract, and, when assented to and acquiesced in by defendant, the agreement was at an end in its entirety.
 

 Judgment affirmed.